**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| NATHANIEL STRAUB, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-04022-NKL |
| | ) |
| PROGRESSIVE PREFERRED | ) |
| INSURANCE COMPANY, | ) |
| Defendant. | ) |

**ORDER**

Defendant Progressive Preferred Insurance Company moves the Court for an order joining Eric Breusch as a Counterclaim-Defendant to Progressive's declaratory judgment action. [Doc. 3]. For the following reasons, the motion is granted, and pursuant to Federal Rule of Civil Procedure 19(a)(2), the Court orders that Eric Breusch be joined as a party.

**I.   Background**

This lawsuit arises out of an automobile accident that occurred on September 15, 2013, when a vehicle operated by Nathaniel Straub collided with Eric Breusch as he was jogging. Straub's automobile insurance policy with Progressive Preferred Insurance Company provided bodily injury liability limits of $25,000 per person/$50,000 per accident.

Following the accident, Breusch filed a personal injury suit, *Breusch v. Straub*, against Straub in state court, and Progressive provided a defense to Straub. Straub, Breusch, and Progressive negotiated and signed a Settlement Agreement, pursuant to which a judgment was entered in the amount of $2,006,780.00 plus interest accrued. Under the Settlement, Breusch agreed to forbear on his right to collect by execution, garnishment, or otherwise against the

personal assets of Straub, and would instead pursue judgment against Progressive. Also under the Settlement Agreement, Straub agreed to pursue such claim or assign to Breusch all rights, actions, and causes of action Straub purports to have or may have against Progressive arising out of Progressive's handling of the Breusch claim and underlying lawsuit against Straub.

Later, Straub filed for Chapter 7 bankruptcy, titled *In re: Nathaniel and Sarah Straub*. Straub's bankruptcy trustee filed a motion to compromise controversy and approve settlement, enclosing a settlement agreement negotiated by the trustee/Straub and Breusch, which the bankruptcy court granted. In this settlement, Straub and Breusch agreed to pursue Progressive for the $2,006,780.00 judgment in the underlying action, plus interest and costs from Progressive. Pursuant to the settlement agreement, Straub assigned certain claims to Breusch but retained others under the Progressive policy so that both Straub and Breusch purport to have claims against Progressive arising from the underlying claim, lawsuit, and/or judgment.

Straub filed the present action against Progressive in Cole County, Missouri for declaratory relief, injunctive relief, and damages under Straub's Progressive policy. Straub seeks a declaration that he is entitled to the Progressive claim file related to the Breusch insurance claim, and he also seeks punitive damages and attorneys' fees. On February 9, 2017, Defendant Progressive removed the action to this Court and simultaneously filed its Answer and a Counterclaim Complaint for Declaratory Judgment against Straub and Breusch, who is not a party to this action. In its Counterclaim Complaint, Defendant/Counterclaim Plaintiff Progressive seeks a declaration that it acted lawfully under its Policy in handling the Breusch claim and lawsuit, as well as that it is not liable to Breusch or Straub for any damages claimed in the state court Settlement Agreement, the bankruptcy Settlement Agreement, or for the judgment entered in the underlying state court action.

At the same time that Progressive removed this case and filed its counterclaim, Progressive filed a motion to joint Breusch as a Counterclaim-Defendant, pursuant to Federal Rules of Civil Procedure 19(a)(1)(A), 19(a)(1)(B), and/or 20(a)(2).  Straub did not respond to the motion.  Therefore, the motion is fully briefed and ready for disposition.

**II.     Discussion**

Federal Rule of Civil Procedure 19 governs the required joinder of parties and states in relevant part:

> (a) **Persons Required to Be Joined if Feasible**
> (1) ***Required Party.***  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A).  Further, "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

Defendant Progressive argues that Breusch is a necessary party in Progressive's declaratory judgment counterclaim under Rule 19(a)(1)(A) because if Breusch is absent from this proceeding, the Court cannot afford complete relief for Progressive's claim.  First, the Court must consider Rule 19(a)(1)'s requirement that the person sought to be joined is subject to service of process and will not deprive the Court of subject matter jurisdiction.  Here, Breusch is a resident and citizen of Missouri, and accordingly, he is subject to service of process.  Further, joinder of Breusch would not deprive the Court of its subject matter jurisdiction under 28 U.S.C. § 1332(a), as follows.  Progressive is a citizen of Ohio, and both Breusch and Straub are citizens

3

of Missouri. The amount in controversy, namely the judgment in the underlying action, is over $2 million, which satisfies the jurisdictional amount.

Next, the Court considers whether Breusch's absence would mean that the Court could not accord complete relief among the existing parties, Straub and Progressive. Fed. R. Civ. P. 19(a)(1)(A). According to Progressive's counterclaim, Straub has assigned certain claims under the policy to Breusch in connection with the state court judgment entered for over $2 million. Straub has also retained certain claims against Progressive, under the bankruptcy settlement. The state court settlement agreement contemplates and asserts that Breusch and/or Straub will assert an alleged "bad faith" claim against Progressive for its alleged failure to settle the claim asserted against Straub by Breusch. Progressive's counterclaim for declaratory judgment seeks a ruling as to both Breusch and Straub that Progressive acted reasonably and consistently with the duties imposed by the policy and Missouri law in handling the underlying claim and lawsuit and thus, did not act in bad faith. The Court cannot accord complete relief with respect to Progressive's action against Straub as the policyholder without the joinder of Breusch who is the tort claimant, Straub's judgment creditor, and the assignee of a subset of Straub's claims arising under the policy. Therefore, Breusch is a necessary party under Rule 19(a)(1)(A). Pursuant to Rule 19(a)(2), the Court orders that Eric Breusch be joined as a party.

**III. Conclusion**

For the reasons set forth above, Defendant Progressive Insurance Company's motion to join, Doc. 3, is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 1, 2017
Jefferson City, Missouri